IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No. 3:24-cr-170 (DNH) |
| | ) | |
| v. | ) | **Indictment** |
| | ) | |
| **PAUL GEER,** | ) | Violations: 18 U.S.C. § 2422 (1994) [Coercion and Enticement] |
| **Defendant.** | ) | |
| | ) | 18 U.S.C. § 2423 (1994) [Transportation with Intent to Engage in Criminal Sexual Activity] |
| | ) | |
| | ) | 18 U.S.C. § 2422(a) (2000) [Coercion and Enticement] |
| | ) | |
| | ) | 18 U.S.C. § 2423(a) (2000) [Transportation with Intent to Engage in Criminal Sexual Activity] |
| | ) | |
| | ) | 18 U.S.C. § 2422(a) (2001) [Coercion and Enticement] |
| | ) | |
| | ) | 18 U.S.C. § 2423(a) (2001) [Transportation with Intent to Engage in Criminal Sexual Activity] |
| | ) | 6 Counts |
| | ) | County of Offense:   Delaware |

**THE GRAND JURY CHARGES:**

**Background**

1.      From in or about 1987 to in or about 2014, the Family Foundation School ("FFS"), which operated in Hancock, New York (Delaware County), marketed itself as a boarding school for children with psychological, emotional, and behavioral issues.

2. V-1, a male child born in 1978, was enrolled in and attended FFS from in or about the summer of 1993 through in or about the summer of 1994.

3. V-2, a female child born in 1983, was enrolled in and attended FFS from in or about February of 2000 through in or about March of 2001.

4. V-3, a minor male child born in 1985, was enrolled in and attended FFS from in or about the fall of 2000 through in or about the spring of 2003.

5. At all relevant times, FFS employed various faculty and staff to supervise the children enrolled at FFS, including V-1, V-2, and V-3.

6. From in or about 1992 through in or about 2014 (when FFS closed and ceased operations), the defendant, **PAUL GEER**, was employed at FFS. During the period of his employment at FFS, **GEER** served in various roles including music teacher, the school's choral director, and "family leader."

7. In his capacity as a family leader at FFS, **GEER** directly supervised dozens of FFS students of various ages, including V-3.

8. In his capacity as FFS's choral director, **GEER** had direct access to V-1, V-2, and V-3, who were members of FFS's choral program. That direct access included frequent one-on-one lessons between **GEER** and each victim.

9. **GEER** also had a direct role, along with other family leaders, in determining what disciplinary "sanctions" would be imposed on students including, but not limited to, V-1, V-2, and V-3.

10. FFS sanctions were, in actuality, forms of corporal punishment and abuse. At all relevant times, **GEER** was directly involved in the imposition of sanctions on V-1, V-2, and V-3, including:

a. Food deprivation, which included **GEER** forcing a student to consume food that was moldy or which the student had regurgitated, severely limiting a student's food portions, or depriving a student of food altogether for extended periods of time.

b. Isolation, which included **GEER** placing a student in a small, locked room for anywhere from hours to days. In the earlier days of FFS, isolation involved being rolled up into a rug or blanket which was bound with duct tape or other material for extended periods. In the later days of FFS, isolation involved being locked into a closet-like room for extended periods. In both circumstances, the student had no access to restrooms, resulting in the student being forced to urinate and/or defecate on him or herself or the floor.

c. Forced physical labor, which included **GEER** forcing a student to perform pointless but physically exhausting tasks for hours including, for example, carrying hundreds of pounds of rocks between various points on FFS's campus, only to be required to return the rocks to their original location afterward.

d. Blackout, which involved **GEER** preventing a student from verbally communicating with anyone for weeks or months, including family, friends, and even other FFS students, faculty, and staff.

e. Repeated psychological abuse, which included **GEER** engaging in "table topic" sessions, which were lengthy and often vulgar sessions during which **GEER** berated and demeaned a student in front of other FFS students and faculty until the student admitted, often falsely, to allegations of trivial and irrelevant misconduct.

 f. Repeated sexual abuse, which included **GEER** engaging in various forms of abusive and non-consensual sexual contact with a student including, but not limited to, forced oral and anal penetration of the student.

## COUNT 1
### [Coercion and Enticement]

11. The allegations set out in Paragraphs 1 through 10 are hereby incorporated by reference as if fully set forth herein.

12. In or about the summer of 1994, in Delaware County in the Northern District of New York, and elsewhere, the defendant, **PAUL GEER**, did knowingly persuade, induce, entice, and coerce an individual to travel in interstate commerce with intent to engage in any sexual activity for which any person can be charged with a criminal offense, in that the defendant used the disciplinary sanctions discussed above, and his position of authority over V-1, whose identity is known to the grand jury, to knowingly persuade, induce, entice, and coerce the child to travel in interstate commerce, that is from New York to Maine, with the intent to engage in sexual activity with V-1 for which the defendant could have been charged with a criminal offense, including Gross Sexual Assault, a criminal offense under Title 17-A, Maine Revised Statutes Annotated, Section 253(2)(G) (1994), in violation of Title 18, United States Code, Section 2422 (1994).

## COUNT 2
### [Transportation with Intent to Engage in Criminal Sexual Activity]

13. In or about the summer of 1994, in Delaware County in the Northern District of New York, and elsewhere, the defendant, **PAUL GEER**, did knowingly transport an individual who had not attained the age of 18 years in interstate commerce with the intent to engage in sexual activity for which any person could be charged with a criminal offense, that is: the

defendant transported V-1, whose identity is known to the grand jury, and who was then 15 years old, from New York to Maine, with the intent to engage in sexual activity with V-1 for which the defendant could have been charged with a criminal offense, including Gross Sexual Assault, a criminal offense under Title 17-A, Maine Revised Statutes Annotated, Section 253(2)(G) (1994), in violation of Title 18, United States Code, Section 2423 (1994).

### COUNT 3
### [Coercion and Enticement]

14. In or about August of 2000, in Delaware County in the Northern District of New York, and elsewhere, the defendant, **PAUL GEER**, did knowingly persuade, induce, entice, and coerce an individual to travel in interstate commerce with intent to engage in any sexual activity for which any person can be charged with a criminal offense, in that the defendant used the disciplinary sanctions discussed above, and his position of authority over V-2, whose identity is known to the grand jury, to knowingly persuade, induce, entice, and coerce the child to travel in interstate commerce, that is from New York to Pennsylvania, with the intent to engage in sexual activity with V-2 for which the defendant could have been charged with a criminal offense, including Endangering the Welfare of a Child, in violation of Title 18, Pennsylvania Code, Section 4304(a) (2000), in violation of Title 18, United States Code, Section 2422(a) (2000).

### COUNT 4
### [Transportation with Intent to Engage in Criminal Sexual Activity]

15. In or about August of 2000, in Delaware County in the Northern District of New York, and elsewhere, the defendant, **PAUL GEER**, did knowingly transport an individual who had not attained the age of 18 years in interstate commerce with the intent to engage in sexual activity for which any person could be charged with a criminal offense, that is: the defendant transported V-2, whose identity is known to the grand jury, and who was then 17 years old, from

New York to Pennsylvania, with the intent to engage in sexual activity with V-2 for which the defendant could have been charged with a criminal offense, including Endangering the Welfare of a Child, which was a criminal offense under Title 18, Pennsylvania Code, Section 4304(a) (2000), in violation of Title 18, United States Code, Section 2423(a) (2000).

## COUNT 5
### [Coercion and Enticement]

16. In or about April of 2001, in Delaware County in the Northern District of New York, and elsewhere, the defendant, **PAUL GEER**, did knowingly persuade, induce, entice, and coerce an individual to travel in foreign commerce with intent to engage in any sexual activity for which any person can be charged with a criminal offense, in that the defendant used the disciplinary sanctions discussed above, and his position of authority over V-3, whose identity is known to the grand jury, to knowingly persuade, induce, entice, and coerce the child to travel in foreign commerce, that is from New York to Toronto, Canada, with the intent to engage in sexual activity with V-3 for which the defendant could have been charged with a criminal offense, including Sexual Exploitation, in violation of Chapter C-46, Revised Statutes of Canada, Sections 153(1)(a) and (b) (2001), in violation of Title 18, United States Code, Section 2422(a) (2001).

## COUNT 6
### [Transportation with Intent to Engage in Criminal Sexual Activity]

17. In or about April of 2001, in Delaware County in the Northern District of New York, and elsewhere, the defendant, **PAUL GEER**, did knowingly transport an individual who had not attained the age of 18 years in foreign commerce with the intent to engage in sexual activity for which any person could be charged with a criminal offense, that is: the defendant transported V-3, whose identity is known to the grand jury, and who was then 16 years old, from

New York to Toronto, Canada, with intent to engage in sexual activity with V-3 for which the defendant could have been charged with a criminal offense, including Sexual Exploitation, in violation of Chapter C-46, Revised Statutes of Canada, Sections 153(1)(a) and (b) (2001), in violation of Title 18, United States Code, Section 2423(a) (2001).

Dated:   April 3, 2024

A TRUE BILL,   **NAME REDACTED**

Grand Jury Foreperson

CARLA B. FREEDMAN
United States Attorney

By: *[signature]*
Adrian LaRochelle
Assistant United States Attorney
Bar Roll No. 701266

*[signature]*
Jessica N. Carbone
Assistant United States Attorney
Bar Roll No. 703490