# OFFICE OF THE FEDERAL PUBLIC DEFENDER
# FOR THE NORTHERN DISTRICT OF NEW YORK



Syracuse Office

4 Clinton Square
3RD FLOOR
SYRACUSE, NY 13202
(315) 701-0080
(315) 701-0081 FAX

Lisa Peebles
Federal Public Defender

Albany Office

54 State Street
Ste. 310
ALBANY, NY 12207
(518) 436-1850
FAX (518) 436-1780

Paul Evangelista
First Assistant

April 8, 2024

Honorable Mitchell J. Katz
United States Magistrate Judge
James M. Hanley Federal Courthouse
100 South Clinton Street
Syracuse, New York 13202

**RE:   UNITED STATES v. PAUL GEER**
       **CASE NO.: 5:24-CR-0170 (MJK/DNH)**

Dear Judge Katz:

This letter memorializes the defense's objections to the government's notice that Liz Boysick (identified as "Victim 2" in the indictment) and Valerie Pizzoferrato ("Victim 3") intend to read their written statements at tomorrow's detention hearing. The defense further objects to Liz Ianelli speaking at the hearing.

With respect to Ms. Ianelli, she is not an alleged victim of any crime charged against Mr. Geer. Her written statement purports to be written on behalf of people who are now dead and who she alleges were victimized by Mr. Geer. With due respect for Ms. Ianelli's obviously strong emotions, she cannot communicate with the dead, and her proffer of other people's experiences is wildly suspect and unreliable. Because Ms. Ianelli has no personal involvement in this case, she should not be permitted to be heard at tomorrow's detention hearing.

Turning to Ms. Boysick and Ms Pizzoferrato, the Crime Victims Rights Act (CVRA) affords a "crime victim" "[t]he right to be reasonably heard at any public proceeding in the district involving release, plea, sentencing, or any parole proceeding." 18 U.S.C. § 3771(a)(4). While a detention hearing "involve[es] release," Ms. Boysick and Ms. Pizzoferrato (and, for that matter, Ms. Ianelli) do not satisfy the definition of "crime victim." As defined in the CVRA, "[t]he term 'crime victim' means a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. § 3771(e)(2)(A). At this early stage of the proceedings, however, there is no proof that any federal offense has been committed. Indeed, under the Constitution, Mr. Geer enjoys the presumption of innocence. Accordingly, because this court cannot find that there has been any "commission of a Federal

offense" at this juncture, none of the purported speakers at the hearing tomorrow satisfy the definition of "crime victim" under the CVRA.

In any event, the CVRA only provides crime victims a "reasonable right" to be heard. Ms. Boysick and Ms. Pizzoferrato have written letters to the court, and the court's consideration of the contents of those letters is sufficient to satisfy the requirements of the CVRA. The government provides no grounds for demanding that Ms. Boysick and Ms. Pizzoferrato be permitted to address the court live during the hearing.

Notwithstanding the foregoing, if the court finds that any of Ms. Boysick, Ms. Pizzoferrato, or Ms. Ianelli are permitted to speak at tomorrow's hearing, the defense respectfully requests the opportunity to question them. The Bail Reform Act explicitly provides that the defendant "shall be afforded an opportunity . . . to cross-examine witnesses who appear at the [detention] hearing[.]" 18 U.S.C. § 3142(f). Accordingly, to the extent the court permits any of the purported "crime victims" to speak tomorrow, the defense will ask for time to question them. Alternatively, the defense will call them as witnesses if the court does not permit cross-examination of them. *See* 18 U.S.C. § 3142(f) (permitting the defendant to "the opportunity . . . to present witnesses").

As a final matter, a review of the letters each of Ms. Boysick, Ms. Pizzoferrato, and Ms. Ianelli have submitted ahead of tomorrow's hearing reflect that none of them have anything relevant to off the court about the only two questions at issue tomorrow: whether Mr. Geer is a flight risk and whether Mr. Geer poses a *current* risk of danger to the community. The letters contain allegations about misconduct that dates back to the 1990s and early 2000s. Regardless of the specific misconduct alleged, the attenuated temporal proximity to today makes it irrelevant for purposes of considering any current risk of dangerousness. Moreover, none of the letters describe recent contact with Mr. Geer, or any substantive contact at all since they were students enrolled in the Family Foundation School (because they have had none). None of the letters allege that Mr. Geer has failed to appear in court or has missed court appearances (because he has not). None of the letters allege that Mr. Geer has had contact with children since he left the FFS (because he has not). None of the letters allege that any of the letter-writers know Mr. Geer to have current contact with children (because he does not). Instead, the letters describe how Mr. Geer's alleged abuse has affected them, but absent is any description of how Mr. Geer's detention makes their current worlds and lives any safer. Furthermore, Ms. Ianelli's letter explicitly asks the court to detain Mr. Geer for retributive purposes – an impermissible basis to detain a defendant. Accordingly, because the letters written by Ms. Boysick, Ms. Pizzoferrato, and Ms. Ianelli reveal they have nothing relevant to offer the court for tomorrow's hearing, they should not be permitted to speak.

                                                    Respectfully submitted,

                                                    /s Anne L. LaFex, Esq.
                                                    Assistant Federal Public Defender

Cc:    Jesscia Carbone, AUSA
         Adrian LaRochelle, AUSA
         Paul Geer